# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **GEORGE ROCKY BALBOA,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:04-0010 |
| ) | |
| **MID-ATLANTIC REGION,** *et al.*, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 1.) Having examined Petitioner's Application and the record in this case, the undersigned hereby recommends that Petitioner's Application be denied and this matter be dismissed without prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

On January 7, 2004, Petitioner filed an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner was incarcerated at F.C.I. Beckley at the time. He indicated in his Application that he was contending that his sentence was unlawfully computed, he was denied credit for time served and the prison system unlawfully revoked his good-conduct time. He did so by circling three of the listed grounds most frequently raised in Section 2241 Applications on page 6 of his Application though the instructions stated "[d]o not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check one or more of the grounds." In the section allotted for his statement of the factual basis for his claims, Petitioner stated only "[i]n my personal

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

property." Petitioner further indicated that he filed an informal complaint about the matters and appealed to the Offices of the Warden and General Counsel but did not appeal to the Office of the Regional Director. (Id., p. 5.)

In view of these circumstances, the undersigned filed an Order on January 13, 2004, stating that "Petitioner's Application . . . does not provide enough information in these regards for the Court to determine precisely the nature of Petitioner's claims and the relief he requests under § 2241. The Court thus requires Petitioner to submit a statement explaining specifically how the Bureau of Prisons unlawfully calculated his sentence, denied him credit for time served and revoked his good time credits and the relief he requests. (Document No. 3.) It further did not appear that Petitioner had exhausted administrative remedies because he did not file an appeal in the Office of the Regional Director. The undersigned therefore required that Petitioner file a more specific statement of his claims and the relief he requested and copies of documents evidencing that he had exhausted administrative remedies and either pay the filing fee or file an Application to Proceed *in forma pauperis* by February 13, 2004. (Id.) The undersigned advised Petitioner that "[i]f Petitioner fails to do as the Court requires within the time specified, the Court will submit Proposed Findings and Recommendation that this matter be dismissed." (Id.)

On January 22, 2004, Petitioner filed a fourteen-page letter indicating numerous complains about the conditions of his confinement, a four-page document entitled "ADDENDUM" indicating further complaints and a three-page letter by which Petitioner requests that he be permitted to inspect and have copies of documents pertaining to his sentence(s) and incarceration. (Document No. 4.)[2] While Petitioner filed these documents within the time which the undersigned allotted, the documents do not contain a more specific statement of Petitioner's claims that his sentence was unlawfully computed, he was denied credit for time served and the prison system unlawfully revoked his good-

---

[2] Petitioner filed the same documents in *Balboa v. Federal Bureau of Prisons Director, Harvey Lappin, et al.*, Civil Action No. 5:04-0009 as Document No. 5.

conduct time and the relief he requested and do not indicate that he exhausted administrative remedies prior to initiating this action. Additionally, Petitioner did not pay the filing fee or file an Application to Proceed *in forma pauperis.*

On May 15, 2006, Petitioner filed a Motion indicating that after he initiated this action, he was transferred from F.C.I. Beckley to several other federal institutions and, upon arriving at F.C.I Memphis, found that his entire file pertaining to this case was missing. Petitioner asks that the Court order the Bureau of Prisons to return his file or appoint a Special Master to consider it. (Document No. 8.) Nothing in this document is responsive to the undersigned's requirement that Petitioner provide a more specific statement of his claims and evidence that he exhausted administrative remedies.

## DISCUSSION

### A. Petitioner's Failure to State a Claim for Which Relief May be Granted.

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court may recommend dismissal of an action against a governmental entity or officer or employee of a governmental entity if the action is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" action is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 -328, 109 S.Ct. at 1833. An action is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). An action fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.

While allegations respecting the execution of a federal sentence, e.g., time and credit calculations, are properly considered under § 2241 as the form Application which Petitioner has filed indicates, Petitioner's Application must be dismissed because Petitioner has failed to state any factual basis for his claims that the Bureau of Prisons unlawfully calculated his sentence, denied him credit for time served and revoked his good time credits and the relief he requests. The undersigned required that Petitioner submit a statement setting forth the factual basis for his claims specifically, and Petitioner has not done so. The undersigned also required Petitioner to pay the Court's filing fee or submit an Application to Proceed *in forma pauperis*, and Petitioner has failed to do so. Petitioner has therefore not brought this action into proper form. See Mitchell v. Maldonado, 2004 WL 3541323. *3 (D.S.C.), aff'd, 136 Fed.Appx. 585 (4th Cir. 2005). Petitioner has failed to present a factual basis sufficiently to support a claim for which relief can be granted, and his Application must be dismissed without prejudice.

### B. Petitioner's Failure to exhaust Administrative Remedies.

As stated above, inmates incarcerated in federal prisons who challenge the computation of their sentences may do so under 28 U.S.C. § 2241. To prevail, they must show that their claims raise constitutional issues and that the resolution of the issues in their favor can affect the length of the term of their incarceration. Inmates must exhaust administrative remedies before initiating proceedings under Section 2241 in federal Court challenging the computation of their sentences. See United States v. Wilson, 503 U.S. 329, 335-36, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. The Court is not precluded, however, from inquiring whether an inmate has

4

exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [T]he PLRA's exhaustion-of-remedies requirement does not impose a heightened pleading obligation on an inmate. Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

The Bureau of Prisons' Administrative Remedy Program, 28 C.F.R. §§ 542.10 - 19, is a process "through which inmates may seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Depending upon at what level an inmate initiates it, the Bureau of Prison's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.10. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. 28 C.F.R. § 542.12(b). Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmates Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. If the inmate's Request went initially to the Regional Director, the inmate may appeal an unfavorable response to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., §

542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete.

It is evident from the face of Petitioner's Application that he did not follow the administrative remedies process. Petitioner indicates that he did not appeal presumably adverse decisions upon his informal complaint and his appeal to the Warden to the Regional Director. Rather, it appears that Petitioner went directly to the Office of the General Counsel. (Document No. 1, p. 5.) Under these circumstances and with Petitioner asserting a bare right to relief under Section 2241 without setting forth any factual basis for his claims, the undersigned required Petitioner to provide evidence of exhaustion rather than require Respondent to do so.[3] The undersigned did so consistently with the Fourth Circuit's later conclusion in Anderson as quoted above. Petitioner did not provide any evidence pertaining to his exhaustion of administrative remedies. It is therefore appropriate to conclude that Petitioner did not exhaust administrative remedies, and for this additional reason, the undersigned recommends that the District Court deny Petitioner's Application and dismiss this matter.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

---

[3] The undersigned does not find the United States Supreme Court's very recent decision in *Jones v. Bock, Warden*, 2007 WL 135890 applicable in this case. *Jones v. Bock, Warden,* applies in cases where inmates set forth claims and have exhausted some but not all of them. In this case, Petitioner's Application does not contain "a short and plain statement of the claim showing that pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rather, the Application contains Petitioner's bare assertion by his circling of listed grounds most frequently raised in Section 2241 Applications that the Bureau of Prisons unlawfully calculated his sentence, denied him credit for time served and revoked his good time credits. Petitioner further indicates on the face of his Application that he did not follow the administrative remedy process. The Supreme Court's decision in *Jones v. Bock, Warden*, does not address these circumstances, and, in view of *Anderson*, the undersigned finds that the Court properly inquired of Petitioner respecting exhaustion rather than putting Respondent to the expense of responding with the affirmative defense.

confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **DENY** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas, **DISMISS** this action and **REMOVE** it from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and mail a copy to Petitioner, who is acting *pro se*.

Date: January 23, 2007.

R. Clarke VanDervort
United States Magistrate Judge